524 So.2d 1112 (1988)
EXCAVATING ENGINEERS, INC., Appellant,
v.
The NATIONAL FIRE INSURANCE COMPANY OF HARTFORD and Padula Construction Co., Inc., Appellees.
No. 87-3052.
District Court of Appeal of Florida, Fourth District.
May 11, 1988.
David Jove of Lieby and Elder, Miami, for appellant.
W. Frank Greenleaf of Welbaum, Zook & Jones, Miami, for appellees.
GUNTHER, Judge.
Excavating Engineers, Inc. (Excavating) appeals the non-final order granting National Fire Insurance Company, Inc.'s (Surety) motion to stay and to compel arbitration. We reverse.
Excavating, a subcontractor, sued the contractor, Padula Construction Company, Inc. (Contractor), for breach of contract and sued Surety based on a payment bond. The issue is whether the contract between Excavating and the Contractor created an arbitration right which benefits Surety and permits Surety to stay Excavating's suit against it and compel arbitration.
Surety's motion to stay and to compel arbitration was based upon Article 21 of the contract executed between Excavating and the Contractor. Article 21 of the contract states in pertinent part:
Any controversy arising out of this subcontract or a breach of it may be settled by arbitration under the rules of the American Arbitration Association applicable to the construction industry at Contractor's option.
However, the court in Aetna Casualty & Surety Co. v. Jelac Corp., 505 So.2d 37 (Fla. 4th DCA 1987), makes it clear that a surety has no "existing right" to arbitrate, but may have such a right if the parties to the contract intended to primarily and directly benefit the third party. Third party beneficiary contracts, like all contracts, must be read as a whole, and isolated words and phrases are not determinative of the parties' intentions. City National Bank of Miami v. Citibank, N.A., 373 So.2d 703 (Fla. 3d DCA 1979).
In the instant case, the contract contains an additional provision, Article 25, which states as follows:
This Subcontract, or any part of it, shall not give third parties other than the owner any claim, demand or right of action against contractor or subcontractor beyond those that exist in the absence of this subcontract. [Emphasis added.]
When Article 21 on arbitration is read in conjunction with Article 25, it is clear that the instant contract does not express an intent that Surety benefit. Since Surety was not intended to primarily and directly benefit from the contract between Excavating and the Contractor, Surety is not a third party beneficiary to the arbitration clause of the contract. Thus, the trial court erred in granting the motion to stay *1113 and compel arbitration filed on behalf of Surety.
REVERSED AND REMANDED.
LETTS and GLICKSTEIN, JJ., concur.