545 So.2d 958 (1989)
ST. PAUL FIRE & MARINE INSURANCE COMPANY, Appellant,
v.
WOOLLEY/SWEENEY HOTEL #5 and Hometels Construction Corporation, Appellees.
No. 88-2125.
District Court of Appeal of Florida, Fourth District.
June 28, 1989.
Robert A. Hingston of Welbaum, Zook & Jones, Miami, for appellant.
Christian D. Keedy of Kelley, Drye & Warren including Smathers & Thompson, Miami, for appellees.
PER CURIAM.
AFFIRMED. We approve the trial court's holding that the appellant, St. Paul Fire & Marine Insurance Company, was contractually bound to participate in arbitration with the owner and contractor in a dispute over a hotel construction contract for which the appellant provided a performance bond. The construction contract contained an arbitration provision, and the performance bond incorporated the construction contract by reference. In so doing the *959 appellant bound itself to participate and be bound by the arbitration of any disputes under the construction contract. United States Fidelity & Guaranty Company v. West Point Construction Company, 837 F.2d 1507 (11th Cir.1988).
We also agree with the trial court that the performance bond in question covers any delay damages that may be due the owner under the construction contract. In so holding, we acknowledge conflict with the holding in United States Fidelity and Guaranty Company v. Gulf Florida Development, 365 So.2d 748 (Fla. 1st DCA 1978).
HERSEY, C.J., and DOWNEY, J., concur.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting.
In my view, parties may not be legally compelled to arbitrate disputes between them unless they have expressly contracted to do so. The performance bond in question contains no arbitration provision. I believe the only purpose of incorporating the construction contract in the performance bond was to specify in a simple manner the extent of performance guaranteed by the surety. Cf. Transamerica Insurance Company v. Yonkers Contracting Company, 49 Misc.2d 512, 267 N.Y.S.2d 669 (N.Y. Sup. Ct. 1966).
I am sympathetic with the policy considerations favoring arbitration underlying the majority opinion. Federal law now strongly favors arbitration, and Florida law, in my view, should also favor arbitration where there is a legitimate basis for imposing an obligation upon the parties to arbitrate. In the case at hand, however, I am reluctant to compel arbitration on the performance bond where the bond itself contains no arbitration provision. It is one thing to recognize that others have agreed to resolve their disputes by arbitration, but quite another to bind yourself to arbitrate disputes with those other parties.
I recognize that the result in the long run may be the same for appellant in any case since by incorporating the construction contract and the arbitration provisions thereof, the appellant has bound itself to the results of arbitration between the owner and contractor as to the contractor's performance of the contract. The appellant was also unable to demonstrate to the trial court the existence of any disputes that existed between itself and the owner aside from the underlying disputes between the owner and the contractor.