575 So.2d 770 (1991)
HENDERSON INVESTMENT CORPORATION, Appellant,
v.
INTERNATIONAL FIDELITY INSURANCE COMPANY, etc., Appellee.
No. 90-1911.
District Court of Appeal of Florida, Fifth District.
March 7, 1991.
*771 John R. Hamilton of Foley & Lardner, Van Den Berg, Gay, Burke, Wilson & Arkin, Orlando, for appellant.
Christi L. Underwood and Karen M. Chastain of Maguire, Voorhis & Wells, P.A., Orlando, for appellee.
COBB, Judge.
The issue on this appeal is whether a surety may compel arbitration when it has incorporated an arbitration clause from a construction contract into its performance bond.
Henderson Investment Corporation (owner) executed a contract with Hinds and Underwood, Inc. (H & U/contractor), regarding the construction of the Ocala Goodyear Service Center. Under the contract, the owner and the contractor each agreed to bind himself, his partners, successors, assigns and legal representatives to the other party in respect to all covenants, agreements and obligations contained in the contract documents. The contract also contained an arbitration clause which stated in pertinent part:
All claims, disputes and other matters in question between the contractor and the owner arising out of, or relating to, the contract documents or the breach thereof, ... shall be decided by arbitration in accordance with the construction industry arbitration rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise... . No arbitration shall include by consolidation, joinder or in any other manner, parties other than the owner, the contractor and any other person substantially involved in a common question of fact or law, whose presence is required if complete relief is to be accorded in the arbitration... . The foregoing agreement to arbitrate and any other agreement to arbitrate with an additional person or persons duly consented to by the parties to the owner-contractor agreement shall be specifically enforceable under the prevailing arbitration law.
On June 24, 1988, International Fidelity Insurance Company (IFIC) furnished a performance bond in favor of Henderson to secure H & U's performance under the contract. The performance bond expressly referenced the construction contract making the construction contract "part" of the performance bond agreement. On June 1, 1990, Henderson filed a complaint against IFIC alleging that H & U breached the general contract by constructing a defective roof, installing defective plumbing, and installing a defective air conditioning system. Subsequent to this, IFIC filed a motion to compel arbitration and stay further proceedings, which was granted by the trial court.
On appeal, Henderson contends that IFIC cannot rely on the arbitration clause in the construction contract because it was not an intended third party beneficiary as between Henderson and H & U. Additionally, Henderson maintains that the incorporation by reference only served to identify the performance to which the surety had obligated itself.
It is a general rule of contract law that where a writing expressly describes another document, the other document is to be interpreted as part of the writing. OBS Co., Inc. v. Pace Const. Corp., 558 So.2d 404 (Fla. 1990). In addition, obligations of a surety under its bond agreement are coextensive with that of a contractor (principal). Thus, if the contractor owes the debt, so does the surety.
A surety's obligation under its bond agreement is commensurate with that of the general contractor under the subcontract.
*772 OBS at 407. While a surety's obligation under the bond is coextensive with that of the principal's obligation under a construction contract, the payment bond is a separate agreement and may create an additional obligation for a surety so that the inability of a subcontractor to proceed against a general contractor will not necessarily prevent recovery against a surety under a bond. OBS at 408.
Finally, there is authority for the proposition that a surety may move to compel arbitration in accordance with an arbitration clause found within the terms of a contractor/subcontractor's construction contract. Balboa Ins. Co. v. W.G. Mills, Inc., 403 So.2d 1149 (Fla.2d DCA 1981). See also, this court's decision in Insurance Co. of North America v. Acousti Engineering Co. of Florida, 549 So.2d 790 (Fla. 5th DCA 1989), jurisdiction accepted, 557 So.2d 866 (Fla. 1990). St. Paul Fire & Marine Ins. Co. v. Woolley/Sweeney Hotel No. 5, 545 So.2d 958 (Fla. 4th DCA), review denied, 553 So.2d 1166 (Fla. 1989), stands for the proposition that when a surety bond incorporates a construction contract containing an arbitration clause by reference, the surety binds itself to participate and be bound by arbitration regarding disputes under the construction contract. Thus, if a surety can be bound in this manner, it should also be allowed to invoke arbitration as well.
Henderson's argument that IFIC and Henderson never evidenced any intent to arbitrate between each other is specious. The language contained in the arbitration clause, agreed to by Henderson, expressly acknowledges that "other persons substantially involved" may participate, where their "presence is required if complete relief is to be accorded in the arbitration."
To the extent they may disagree with this opinion, we cite conflict with Excavating Engineers, Inc. v. National Fire Ins. Co. of Hartford, 524 So.2d 1112 (Fla. 4th DCA 1988), Aetna Cas. & Sur. Co. v. Jelac Corp., 505 So.2d 37 (Fla. 4th DCA 1987), and Maryland Cas. Co. v. State Dept. of General Services, 489 So.2d 57 (Fla. 2d DCA), review dismissed, 494 So.2d 1151 (Fla. 1986), which all rest on an intended third party beneficiary theory.[1]
Accordingly, we affirm the trial court's non-final order granting IFIC's motion to compel arbitration.
AFFIRMED.
DAUKSCH and PETERSON, JJ., concur.
NOTES
[1] It would not be third party beneficiary status which would give a surety the right to invoke an arbitration clause, but rather that surety's status as the real party in interest/joint and several obligor, where it has expressly incorporated the terms of a construction contract into its performance bond.