**UNITED ALUMA GLASS, Plaintiff–Counter–Defendant–Appellant,**

**v.**

**BRATTON CORPORATION, Defendant–Counter–Plaintiff–Appellee,**

**Blount Brothers Corporation, Seaboard Surety Company; Aetna Casualty; Fireman's Fund Insurance; Fidelity and Deposit Company of Maryland, Defendants–Appellees.**

**BRATTON CORPORATION, Plaintiff,**

**v.**

**BANKERS INSURANCE COMPANY, Defendant.**

**UNITED ALUMA GLASS, Plaintiff–Counter–Defendant–Appellee,**

**v.**

**BRATTON CORPORATION, Defendant–Counter–Plaintiff–Appellant,**

**Blount Brothers Corporation, Defendant–Appellant,**

**Seaboard Surety Company; Aetna Casualty; Fireman's Fund Insurance; Fidelity and Deposit Company of Maryland, Defendants.**

**BRATTON CORPORATION, Plaintiff–Appellant,**

**v.**

**BANKERS INSURANCE COMPANY, Defendant–Appellee.**

Nos. 92–2538, 92–2539.

United States Court of Appeals, Eleventh Circuit.

Dec. 3, 1993.

Sylvia H. Walbolt, Richard B. Campbell, Luis Alvarez, Jr., Carlton, Fields, Ward, Emmanuel, Smith & Cutter, P.A., Tampa, FL, for appellants in No. 2538.

Kevin E. Glynn, Kristin L. Altice, Niewald, Waldeck & Brown, Kansas City, MO, for appellees in No. 92–2538 and appellants in No. 92–2539.

Richard Campbell, Tampa, FL, for appellees in No. 92–2539.

Before KRAVITCH and BLACK, Circuit Judges, and DYER, Senior Circuit Judge.

DYER, Senior Circuit Judge.

The issues raised on the appeal and cross-appeal concern a construction contract dispute which arose between subcontractor United Aluma–Glass Company, Inc. ["UAG"] and Bratton Corp. concerning work for the Hillsborough County, Florida Detention Facility East project. Following a jury trial, $262,957.24 was awarded to UAG against Bratton Corp. (subcontractor) as damages for its work on the project and for loss of business value of UAG resulting from the wrongful termination of the contract. The general contractor, Blount Brothers Corp., was sued on its bond, and was found to be jointly responsible for $108,799.43. These judgments were amended by the district court to remove Blount's joint responsibility for UAG's loss of business value claim, and thus the judgment against Blount was reduced to $8,799.43. The jury determined that the sureties for Bratton and Blount were not liable to UAG. The jury found for UAG on Bratton's counterclaim against UAG for failing to perform its subcontract and its suit for its claimed cost of completion work on the project. We affirm the judgments and the award of damages in favor of UAG, and reverse the district court's judgment rendered against UAG on the issues of surety liability and denial of prejudgment interest.

## BACKGROUND

Bratton executed a contract with UAG in which UAG agreed to supply and install security glass in connection with Bratton's construction subcontract for the Hillsborough County, Florida Detention Facility East. Installation of the glass was to begin on May 30, 1988, and proceed through January 30, 1989. UAG's installation work was delayed

for reasons pertaining to the late shipment of the frames by Bratton, the architect's directions that the frames were not acceptable, and adverse site conditions. The parties disputed matters relating to written updated work schedules and oral communications regarding the project's critical path and the sequence of the work UAG was to perform. The parties' communications regarding manning of the project, adverse site conditions and UAG's attempts to perform under the contract continued through June 2, 1989. After Bratton demanded immediate action and advised the general contractor, Blount, that UAG was not manning the project, UAG scheduled a meeting with Blount for June 6, 1989 to discuss these problems. Blount sent a letter to Bratton on June 5 to advise that Bratton was in default due to UAG's failure to perform. Bratton terminated UAG on June 6 for its purported failure to man this job. Bratton subsequently completed UAG's work on the project.

## TRIAL PROCEEDINGS

The matters consolidated for a jury trial were: UAG's suit against Bratton, its surety, Fidelity and Deposit Company, and Blount and its sureties on its payment bond; Bratton's counterclaim against UAG; and Bratton's separate action against UAG's surety, Bankers Insurance Company.

The jury found for UAG and assessed its damages for Bratton's breach of its subcontract with UAG in the amount of $262,957.24, of which $200,000.00 was for "loss of business value." The loss of business value element of damages was supported by UAG's expert, Dr. James Scheiner. He determined the impact of the termination on June 6, 1989 by using a market value method to calculate the range of UAG's damages. He testified that the damages were between $271,143.00 and $451,905.00.

The jury determined that UAG did not breach its subcontract with Bratton, and that the sureties were not liable to UAG for the damages assessed against their principals.

## ISSUES RAISED

I. The following issues were raised by Bratton Corporation and Blount Brothers Corporation as errors of the district court:

(1) overruling Bratton's motion for a new trial, which asserted that UAG's loss of business value claim was not supported by substantial evidence, and that there was no reasonable basis for the verdict;

(2) submitting loss of business value claim to the jury, when the claim was based on speculation and conjecture;

(3) excluding deposition testimony of a principal of UAG and other exhibits and evidence which contradicted UAG's position at trial regarding the loss of business value claim;

(4) refusing to allow cross-examination of the president of UAG for purposes of impeachment on the subjects of other lawsuits, terminations and problems involving UAG;

(5) giving Instructions XI and XII that added the requirement of materiality to the express terms of the contract termination clause; and

(6) overruling of motion for new trial based on the exclusion of Exhibit 529 from jury deliberations, as all admitted exhibits were delivered to the jury except for the inadvertent omission of this favorable exhibit in support of appellants' position.

Bratton asserts errors relating to the loss of business value claim, issues (1) through (3). Blount joins with Bratton in asserting the remaining issues which affected the judgments in favor of UAG. We find no merit in any of these issues raised by Bratton and Blount, and no discussion is warranted.

II. Cross-appeal by United Aluma–Glass Company, Inc.

### Surety Liability

UAG contends that the district court erred by failing to enter judgment, as a matter of law, against the named sureties, based upon the jury's finding that the bond principals were liable for specified damages which were covered by the express terms of their bonds.

Bratton, as principal, and its surety, Fidelity and Deposit Company of Maryland, executed a payment bond insuring that Bratton would make prompt payment to all persons furnishing labor, services, materials or supplies for use in the Hillsborough County construction project. Blount, as principal, and its sureties, Seaboard Surety Company, Aetna Casualty & Surety Company, and Fireman's Fund Insurance Company, executed a payment bond under Section 255.05, *Fla.Stat.* (1991), insuring that Blount would pay all claimants whose labor, materials, or supplies were used in the work provided for in the contract.

The following undisputed facts are applicable to the items of damages within the terms of the bonds. Liability of the bond principals covered (1) increased labor costs (Bratton: $11,751.57; Blount: $2,937.89); (2) material and equipment costs (Bratton: $32,098.17; Blount: $505.04); and (3) unpaid contract retainage [glass] (Bratton: $11,965.50). The verdict form submitted the question whether the sureties were responsible for any of the damages caused by any breaches of contract by Bratton or Blount.

Bratton supports the jury's finding that the sureties were not liable to UAG. It argues that it was within the province of the jury to determine whether the sureties' liability was within the terms of the contracts of suretyship, and further argues that counsel for UAG consented to the proposed jury instructions and the verdict form on this issue.

■ In this diversity case, the district court's application of the substantive law of the forum state is subject to *de novo* review by this court. *Salve Regina College v. Russell,* 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991); *Ins. Co. of N. America v. Lexow,* 937 F.2d 569, 571 (11th Cir.1991).

■ We find that the district court erred in not applying the general principle of suretyship, *i.e.,* the liability of the surety is coextensive with the liability of the principal. *American Home Assur. Co. v. Larkin Gen'l*

*Hosp., Ltd.,* 593 So.2d 195, 198 (Fla.1992); *Henderson Inv. Corp. v. Intern. Fidelity Ins. Co.,* 575 So.2d 770, 771 (Fla. 5th DCA 1991); *Crabtree v. Aetna Casualty and Surety Co.,* 438 So.2d 102, 105 (Fla. 1st DCA 1983). It was exclusively within the court's province to determine as a matter of law whether the terms of the bonds covered the damages found by the jury. *Vernon v. Resolution Trust Corp.,* 907 F.2d 1101, 1109 (11th Cir. 1990); *Gulf Tampa Drydock Co. v. Great Atlantic Ins. Co.,* 757 F.2d 1172, 1174 (11th Cir.1985). This plain error overrides Bratton's argument that UAG's counsel consented to the instruction and verdict form which were given to the jury on the issues of the sureties' responsibility.

### Prejudgment Interest

The second issue raised on cross-appeal is whether the district court erred in failing to award, as a matter of law, prejudgment interest on the damages awarded by the jury to UAG for Bratton's June 6, 1989 wrongful termination of the contract.

As a matter of Florida law, "when a verdict liquidates damages on a plaintiff's out-of-pocket pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss." *Argonaut Ins. Co. v. May Plumbing Co.,* 474 So.2d 212, 215 (Fla.1985).

■ The jury's verdict awarding UAG damages for Bratton's wrongful termination necessarily fixed June 6, 1989 as the uncontroverted date upon which UAG was injured by the wrongful termination of its contract. There is no basis for the district court's conclusion that the jury's verdict does not fix damages as of a date prior to the verdict.

Here the evidence supports a *specific date of injury* and is therefore clearly distinguishable from *Neva, Inc. v. Christian Duplications Intern. Inc.,* 743 F.Supp. 1533 (M.D.Fla.1990), relied upon by Bratton. In *Neva,* damages were not fixed as of a date prior to the verdict, and prejudgment interest was denied.

When the record clearly establishes the date of injury, and liability and damages are determined, prejudgment interest is also due. *Air Products and Chemicals, Inc. v. Louisiana Land and Exploration Co.*, 867 F.2d 1376, 1380–81 (11th Cir.1989).

### CONCLUSION

The judgment for UAG against Bratton and Blount is affirmed. The judgment for the sureties, Fidelity and Deposit Co. of Maryland, Seaboard Surety Co., Aetna Casualty & Surety Co. and Fireman's Fund Insurance Co., is reversed. Prejudgment interest is awarded as part of the total amount of damages awarded to UAG.

AFFIRMED, in part, REVERSED, in part, and REMANDED for further proceedings consistent with this opinion.