[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-16273
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2011
JOHN LEY
CLERK

D. C. Docket No. 07-22120-CV-CMM

FISK ELECTRIC COMPANY,

Plaintiff-Appellee
Cross-Appellant,

versus

SOLO CONSTRUCTION CORPORATION,
LIBERTY MUTUAL INSURANCE COMPANY,

Defendants-Appellants
Cross-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(March 16, 2011)

Before EDMONDSON, PRYOR, and BARKSDALE,* Circuit Judges.

_____

*Honorable Rhesa H. Barksdale, United States Circuit Judge for the Fifth Circuit, sitting by designation.

PER CURIAM:

This case presents issues from a construction contract dispute. Plaintiff/Appellee Fisk Electric Co. ("Fisk") prevailed on its breach of contract claims following a jury trial. The jury awarded Plaintiff $964,976 against Defendant/Appellant Solo Construction Corp. ("Solo") and $410,989 against Defendant/Appellant Liberty Mutual Insurance Co. ("Liberty Mutual").

Following the trial, Plaintiff moved to modify the jury's verdict and to enter judgment making both defendants jointly and severally liable for the entire award. Defendants moved for a new trial, alleging error in the district court's evidentiary rulings. The district court denied both motions, and this appeal and cross-appeal resulted. No reversible error has been shown; we affirm.

## I. BACKGROUND

Solo entered into a contract with the Miami-Dade Aviation Department ("Department") to supply labor and services for an expansion project at Miami Dade International Airport. Solo served as the general contractor and hired Plaintiff as a subcontractor. The contract between Plaintiff and Solo included a

pay-when-paid provision that stated Solo would pay Plaintiff when the Department paid Solo. Liberty Mutual provided Solo with a surety bond for the project.

Plaintiff initiated this suit to recover unpaid contract balances and additional expenses incurred due to construction delays. Plaintiff alleged that Solo breached their contract and that both Solo and Liberty Mutual breached the terms of the surety bond.

While this suit was pending, Plaintiff participated in mediation with Solo and the Department to resolve outstanding contract claims among Plaintiff, Solo, and the Department. As a result of the mediation, the Department negotiated a settlement and paid Solo. Plaintiff understood that Solo would pay Plaintiff after receiving the payment from the Department, but Plaintiff did not get paid.

Defendants later filed answers raising as an affirmative defense the pay-when-paid clause. Before trial, Solo moved to exclude all evidence about the mediation between the parties. The district court denied the motion. The district court stated that Solo -- by raising the pay-when-paid clause as an affirmative defense and arguing that Solo was never paid by the Department on Plaintiff's claims -- had opened the door to admission of evidence that the mediation resulted in the Department's paying Solo.

The case went to trial. At trial, a Fisk executive testified that mediation had

3

taken place and resulted in a payment to Solo.  The Fisk executive also testified that he understood Fisk would be paid following the Department's payment to Solo and that the mediation settlement between the Department and Solo was intended to encompass Fisk's claims.

The jury determined that Solo breached its contract with Plaintiff and found that Liberty Mutual breached the terms of its payment bond.  It awarded Plaintiff $964,976 against Solo and $410,989 against Liberty Mutual.[1]

Both sides later made post-trial motions: Plaintiff moved to modify the verdict to make Defendants jointly and severally liable for the total amount of damages: more than $1.3 million.  Defendants moved for a new trial, contending error in the admission of testimony about the mediation and contending that the testimony tainted the jury's verdict.  The district court denied the motions; both

---

[1] The verdict form read this way:

1.     Do you find that Solo Construction Corporation breached its contract with Fisk Electric Company?  Yes __ No __
       If your answer to this question is yes, please answer question No. 2.
2.     What do you find is the amount of damages sustained by Fisk Electric Company as a result of Solo Construction Corporation's breach of contract?
3.     Do you find that Liberty Mutual Insurance Company breached the terms of the payment bond?  Yes __ No __
       If your answer to this question is yes, please answer question No. 4.
4.     What do you find is the amount of damages sustained by Fisk Electric Company as a result of Liberty Mutual Company's breach of its payment bond?

The jury marked "yes" to the first and third questions and wrote in the amount of damages for the second and fourth questions.

parties appeal.

## II.  DISCUSSION

A.    Plaintiff's Motion to Modify the Jury's Verdict

Plaintiff asserts that the jury's award of $964,976 against Solo and $410,989 against Liberty Mutual indicates the jury's intent to grant Plaintiff the full relief sought: $1,375,965.[2]  Plaintiff then argues that, given that the jury intended to award Plaintiff full relief, Florida law and the terms of the payment bond mandate that the verdict should be modified to make each defendant jointly and severally liable for the total award.

Plaintiff's speculations about the jury's intent might be correct. But we do not need to resolve this question because Plaintiff did not raise an objection to the verdict before agreeing to the jury's dismissal.  Plaintiff's "failure to raise its objection before the jury was discharged waived the right to contest the verdicts on the basis of alleged inconsistency."  Mason v. Ford Motor Co., 307 F.3d 1271,

---

[2] Plaintiff sought to recover $410,989 owed on the subcontract and $964,976 for added costs incurred in maintaining airfield lighting due to delays in construction, for a total of $1,375,965.

1275-76 (11th Cir. 2002).

Had Plaintiff objected at the time the verdict was rendered, the district court could have examined the jury's verdict to resolve any potential inconsistencies. Instead, Plaintiff consented to the jury's dismissal and waited until a post-trial motion to raise the issue. Appellate review is not the appropriate time to resolve alleged inconsistences: we cannot be reasonably sure at this late date exactly what the jury intended when rendering its verdict. Any party wishing to clarify the jury's basis for its verdict was free to do so while the jury was still empaneled; the failure to object waived the ability later to seek review of alleged inconsistencies. See id.

Plaintiff's requested relief -- increasing the award against each of the defendants to a greater amount than the jury awarded against either individual defendant -- also limits our review. Plaintiff relies on United Aluma Glass v. Bratton Corp., 8 F.3d 756 (11th Cir. 1993) ("United Aluma") to support its claim that this Court should modify the jury's verdict. United Aluma is too different to guide the outcome in this case.[3] United Aluma *might* have allowed Plaintiff relief

---

[3] The United Aluma sureties -- per the jury verdict -- escaped liability altogether despite a breach by the defendant contractors (the surety's principals) and an award of damages against the principals. United Aluma, 8 F.3d at 757. We decided that the surety as a matter of law was liable for the sum for which the principal had been found liable. Id. at 759. In the present case, the jury determined the surety and contractor were each liable for a specific and different sum. While the United Aluma plaintiff sought to amend the verdict to make the sureties liable to the same extent as the principals, Plaintiff here moved in the District Court for something different: to impose a greater amount of damages on both principal and surety than the jury awarded against either one.

6

through a motion for an amendment to make Liberty Mutual jointly and severally liable for the same sum that the jury awarded against its principal Solo: $964,976. But we need not decide that question today because Plaintiff never moved for that relief in the District Court or even argued for it here.[4] The District Court committed no reversible error by failing to grant relief not asked for: that is, amending the verdict to make Liberty Mutual jointly and severally liable for the same sum awarded against Solo.[5]

B.  Defendants' Motion for a New Trial

Defendants argue that the admission of evidence on the parties' mediation proceedings violated Florida law and Federal Rule of Evidence 408 and tainted the jury's verdict.

---

This step is different from anything in United Aluma. Such a result could well raise difficult questions about whether we had impermissibly granted additur. See Dimick v. Schiedt, 55 S. Ct. 296, 301 (1935).

[4] In Plaintiff's motion before the district court, it requested that "judgment be entered upon the verdict against [Solo] and [Liberty], jointly and severally, in the principal amount of $1,375,965." Nowhere did Plaintiff request any alternative relief.

[5] Plaintiff also cites Fla. Stat. § 255.05, for the proposition that "[u]nder Florida law, . . . a payment bond surety is liable for the debts of its principal." Nothing in § 255.05 requires that Defendants be held jointly and severally liable. Instead, the statute merely states that a "claimant shall have a right of action against the contractor and surety for the amount due him or her." Fla. Stat. § 255.05(1)(a).

7

Federal Rule of Evidence 408(a) excludes evidence of settlement negotiations when offered to prove "liability for, invalidity of, or amount of a claim that was disputed as to validity or amount" or when offered for certain impeachment purposes. Introduction for other purposes is permissible. Fed. R. Evid. 408(b).

In the present case, Plaintiff introduced testimony establishing that mediation took place and resulted in a payment to Solo. This evidence was presented for the purpose of establishing that the pay-when-paid provision in Plaintiff's own contract with Solo had been satisfied. This testimony falls within the permissible "other purposes" for which evidence properly may be offered under Rule 408. Defendants' raising of the pay-when-paid clause as an affirmative defense invited evidence rebutting that defense.[6] See Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc., 389 F.3d 1339, 1349 (11th Cir. 2004); Morro v. City of Birmingham, 117 F.3d 508, 517 (11th Cir. 1997). Testimony about mediation proceedings was pertinent to rebutting Solo's claim that it had not received

_____

[6] Settlement agreements and related communications also may be admitted for the "purpose of resolving a factual dispute about the meaning of the settlement agreements' terms." Westchester Specialty Ins. Servs., Inc. v. U.S. Fire Ins. Co., 119 F.3d 1505, 1512 (11th Cir. 1997). To the extent Plaintiff sought to present evidence to establish the intent behind the settlement agreement, Rule 408 does not bar its admission.

payment from the Department.[7]

## III. CONCLUSION

No party has demonstrated reversible error on appeal; the judgment of the district court is affirmed.

AFFIRMED.

---

[7] We generally apply federal evidentiary rules in diversity cases. See Flury v. Daimler Chrysler Corp., 427 F.3d 939, 944 (11th Cir. 2005). But state substantive law may provide additional protection for evidence beyond what the federal evidentiary rules provide. See, e.g., Ungerleider v. Gordon, 214 F.3d 1279 (11th Cir. 2000). But we see no error in the district court's application of the Florida Mediation Confidentiality and Privilege Act and affirm.