DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANDERSEN SERVICE CORPORATION** d/b/a **PLUMBING INC.,**
Appellant,

v.

**OLD REPUBLIC SURETY COMPANY,**
Appellee.

No. 4D2025-2411

[January 7, 2026]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. CACE-25-005903.

Michael J. Friedman and Nicole D. Moss of Friedman Legal, Boca Raton, for appellant.

Michael R. Holt of Rumberger, Kirk & Caldwell, P.A., Miami, and Christopher A. Cafardi of Cafardi Ferguson + Wyrick, Sewickley, Pennsylvania, for appellee.

CONNER, J.

The plaintiff, Andersen Service Corporation, appeals a nonfinal order granting defendant Old Republic Surety Company's motion to compel arbitration. The plaintiff seeks reversal because the order compels the parties—a subcontractor and a surety—to arbitrate, in Pennsylvania, a lien transfer bond dispute that is the subject of the suit below. We agree the entry of the order on appeal was error because no arbitration agreement exists between the parties.

*Background*

The plaintiff entered a subcontract with nonparty Marco Contractors, Inc. The subcontract contained a dispute resolution clause allowing Marco, and only Marco, to elect arbitration or litigation. The subcontract mandates that arbitration, if elected, will take place in Allegheny County, Pennsylvania. The defendant was not a party to the subcontract.

Thereafter, the plaintiff recorded a construction lien for unpaid work. The construction lien was transferred to a lien transfer bond pursuant to section 713.24, Florida Statutes (2024).

The lien transfer bond was posted by Marco, but issued by the defendant as the surety. The lien transfer bond did not incorporate or reference the subcontract. Rather, the bond stated it was issued pursuant to section 713.24. The transfer bond was recorded in Broward County.

The plaintiff filed a single-count statutory claim against the lien transfer bond in Broward County. The suit was brought against the defendant, but not Marco.

The defendant moved to compel arbitration. The plaintiff opposed the motion. After a hearing, the trial court granted the arbitration motion and stayed the proceedings.

This appeal followed.

*Appellate Analysis*

The plaintiff argues that the defendant, a surety, was not a party to the subcontract and neither the subcontract nor the subcontract's arbitration provision were incorporated into the lien transfer bond. Thus, the plaintiff contends the right to arbitrate was never triggered by a party designated under the subcontract as entitled to invoke arbitration.

"An order granting or denying a motion to compel arbitration is reviewed de novo." *DFC Homes of Fla. v. Lawrence*, 8 So. 3d 1281, 1282 (Fla. 4th DCA 2009) (citation omitted).

"A court reviewing a motion to compel arbitration must consider three elements: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to compel arbitration has been waived." *U.S. Fire Ins. Co. v. Am. Walks at Port St. Lucie, LLC*, 386 So. 3d 575, 580 (Fla. 4th DCA 2024) (citing *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999)). In other words, to properly order the parties to arbitration, a trial court must determine a valid written agreement to arbitrate exists, an arbitrable issue exists, and the right to compel arbitration has not been waived. *Id.* (citing *Seifert*, 750 So. 2d at 636).

Here, the first element was not met. The subcontract binds only the plaintiff and Marco. The defendant is a non-signatory to the subcontract,

and the bond contains no arbitration language, nor does it incorporate the subcontract. The plaintiff is correct that no arbitration agreement exists between the plaintiff and the defendant.

In this case, the transfer lien bond is the subject of the litigation. The defendant is the surety to the transfer lien bond. Sureties cannot exercise unilateral election rights that are reserved for the principal of the underlying contract. *See Aetna Cas. & Sur. Co. v. Jelac Corp.*, 505 So. 2d 37, 38 (Fla. 4th DCA 1987) ("Aetna is at most an incidental beneficiary to the contract and thus has no right to enforce the contract's arbitration provision."). Further, Marco is a nonparty which never elected to exercise or waive its right to arbitration under the subcontract. Thus, the second and third elements to compel arbitration were also not met.

The defendant contends that Florida law recognizes equitable estoppel as an exception permitting non-signatories to a contract to compel arbitration. In support, the defendant relies on *Henderson Investment Corp. v. International Fidelity Insurance Co.*, 575 So. 2d 770 (Fla. 5th DCA 1991), for the proposition that the obligations of a surety under a bond agreement are coextensive with those of the principal.

*Henderson* is distinguishable. In *Henderson*, the performance bond expressly referenced the construction contract making the construction contract "part" of the performance bond agreement. *Id.* at 771. The *Henderson* court relied on our decision in *St. Paul Fire & Marine Insurance Co. v. Woolley/Sweeney Hotel No. 5*, 545 So. 2d 958, 958 (Fla. 4th DCA 1989), which opined that arbitration could be compelled when the construction contract contained an arbitration provision, and the performance bond incorporated the construction contract by reference. In *Woolley/Sweeney Hotel*, we reasoned that the surety's incorporation of the construction contract into the performance bond "bound [the surety] to participate and be bound by the arbitration of any disputes under the construction contract." *Id.* at 959 (citation omitted). Here, as discussed above, the surety bond did not contain an arbitration agreement and did not incorporate the subcontract or the subcontract's arbitration provision. Thus, *Henderson* and *Woolley/Sweeney Hotel* do not support the defendant's estoppel argument.

*Conclusion*

Because the appellate record demonstrates that none of the elements for entitlement to arbitration in this case were met, the trial court erred in ordering arbitration. We reverse the trial court order compelling arbitration and remand for further proceedings.

*Reversed and remanded for further proceedings.*

MAY and CIKLIN, JJ., concur.

\*          \*          \*

**Not final until disposition of timely-filed motion for rehearing.**