475 So.2d 221 (1985)
OPPENHEIMER & CO., INC., Petitioner,
v.
Marcia YOUNG, Respondent.
No. 64140.
Supreme Court of Florida.
August 30, 1985.
*222 Stanley A. Beiley, Richard E. Brodsky and David S. Garbett of Paul, Landy, Beiley & Harper, Miami, for petitioner.
Mercedes C. Busto of Bailey & Dawes, Miami, for respondent.
PER CURIAM.
The United States Supreme Court has entered an order[*] vacating Oppenheimer & Co. v. Young, 456 So.2d 1175 (Fla. 1984), and remanding the cause for further consideration in light of Dean Witter Reynolds, Inc. v. Byrd, ___ U.S. ___, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. Supplemental briefs from the parties have been received and considered.
In our original decision, we held, inter alia, that the Florida Securities Act, chapter 517, Florida Statutes (1981), precludes enforcement of an arbitration agreement concerning securities transactions. Relying on Wilko v. Swan, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), we further held that the Federal Arbitration Act, 9 U.S.C. sections 1-14 (1983), did not compel a different result. We noted that Byrd v. Dean Witter Reynolds, Inc., 726 F.2d 552 (9th Cir.1984), presenting the same issue, was before the United States Supreme Court and that should that Court recede from Wilko our decision would be different. The United States Supreme Court has now spoken. Although it did not recede from Wilko, the Court held that the Federal Arbitration Act compels enforcement of arbitration agreements on pendent state law claims. The effect of this holding is to preempt the state law on which we relied.
Respondent concedes that the effect of Dean Witter is to overturn the law on which we relied in our earlier ruling. However, respondent urges that we reexamine and reverse our earlier ruling that petitioner did not waive its right to compel arbitration by failing to invoke the right to compel arbitration when it appeared in federal court. (See note 1 to Oppenheimer.) We decline to do so. Although it is clear following the issuing of Dean Witter that a party in the position of petitioner could now invoke the right to compel arbitration of a pendent state law claim before a federal court, that was not the law at the time the parties actually appeared in federal court. We do not agree that we should hold petitioner to a knowledge of the future development of the law which we did not possess. We note also that the basis for review in Dean Witter was that there was a split in authority on this question in the federal circuits and that the Fifth, Ninth and Eleventh Circuits formerly held that such claims were not arbitrable. Thus, our original rationale that it would have been pointless to invoke the arbitration agreement is still valid.
We quash the decision of the district court and remand for proceedings consistent with this decision.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[*] ___ U.S. ___, 105 S.Ct. 1830, 85 L.Ed.2d 131 (1985).