ORFINGER, Judge.
The defendants below appeal from an order denying their motion to compel arbitration. Fla.R.App.P. 9.130(a)(3)(C)(v). In denying appellants’ motion to compel arbitration of this dispute as provided for in the customer’s agreement between appellant and appellee, the trial court apparently relied on Oppenheimer & Co., Inc. v. Young, 456 So.2d 1175 (Fla.1984) which had held that the provisions of the Federal Arbitration Act, 9 U.S.C.A. § 1, et seq., did not apply to actions brought under the Florida Securities Act, Chapter 517, Florida Statutes (1981). Oppenheimer was reversed by the United States Supreme Court in Oppenheimer & Co., Inc. v. Young, — U.S. —, 105 S.Ct. 1830, 85 L.Ed.2d 131 (1985). In an opinion issued subsequent to the decision below, the Florida supreme court has now held that the Federal Arbitration Act compels enforcement of arbitration agreements in securities disputes based on state laws. Oppenheimer and Co., Inc. v. Young, 475 So.2d 221 (Fla.1985).
We find nothing in the record to support appellees’ argument that appellants waived their right to compel arbitration. The notice which appellants sent ap-pellees, to the effect that the arbitration provision of the customer’s agreement did not require arbitration of any dispute arising under the Federal Securities Laws,[1] did not act as a waiver here, because this dispute arises out of alleged violations of state law. Neither do we find a waiver by the fact that appellants, in conjunction with their motion to compel arbitration, filed a motion requesting an extension of time to respond to plaintiffs’ complaint until the court ruled on its motion to compel arbitration. This shows reliance on the motion to compel arbitration, not an abandonment of it. Cf. R.W. Roberts Construction Co., Inc. v. Masters & Co., Inc., 403 So.2d 1114 (Fla. 5th DCA 1981).
The order denying the motion to compel arbitration is reversed and the cause is remanded to the trial court for further proceedings consistent herewith.
COBB, C.J., and SHARP, J., concur.

. See Wilko v. Swan, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953).