498 So.2d 550 (1986)
Raymond PUCHNER, Appellant,
v.
DREXEL BURNHAM LAMBERT, INC., Appellee.
Raymond PUCHNER, Appellant,
v.
PRUDENTIAL-BACHE SECURITIES, INC. Appellee.
Nos. 86-1517, 86-1518.
District Court of Appeal of Florida, Third District.
November 25, 1986.
*551 Kirkpatrick & Lockhart and Jeffrey A. Tew and Dennis A. Nowak, Miami, for appellant.
Bernard B. Weksler, Coral Gables, for appellee Drexel Burnham Lambert, Inc.; Fowler, White, Burnett, Hurley, Banick & Strickroot and Kathy M. Klock and Michael J. Cappucio, Miami, for appellee Prudential-Bache Securities, Inc.
Before SCHWARTZ, C.J., and HENDRY and DANIEL S. PEARSON, JJ.
PER CURIAM.
Although tempted to enter into the parties' intellectually challenging debate of the question whether the brokers, Drexel Burnham Lambert, Inc. and Prudential-Bache Securities, Inc., waived their right to compel arbitration by failing to move therefor before the Florida Supreme Court decision in Oppenheimer & Co. v. Young, 475 So.2d 221 (Fla. 1985), that securities fraud claims asserted under Florida law are subject to compulsory arbitration, we are convinced by the brokers' substantial engagement in the pending court proceedings and discovery for more than five months following the issuance of Oppenheimer[1] that they have waived the right to compel arbitration no matter what the outcome of the debate.
Furthermore, we have examined the appellant's pertinent amended complaints and, contrary to the trial court, conclude that they contain allegations sufficient to sustain claims for punitive damages *552 against the appellees. In these complaints, Puchner set forth that Goodstein, a broker who allegedly churned his account at both brokerage houses, committed a variety of described fraudulent acts against Puchner within the course and scope of his employment as an assistant office manager at Bache and, later, as an office manager at Drexel. Puchner further alleged that the appellees foreseeably contributed to his injury by negligently supervising Goodstein by permitting him (a) to use a post office box as Puchner's address without the required written authorization of Puchner and (b) to continue to handle Puchner's accounts even after discovering that Goodstein had defrauded another Bache customer. Because a corporate employer will be liable for punitive damages resulting from torts committed by its employees within the scope of their employment if (1) the tort was committed by a managerial employee or (2) the tort was committed by a non-managerial employee and the management of the corporation was guilty of some fault which foreseeably contributed to the plaintiff's injury, McArthur Dairy v. Original Kielbs, Inc., 481 So.2d 535 (Fla. 3d DCA 1986), the complaints state a cause of action for punitive damages on either ground.
Similarly, the counts for civil theft must be restored. In respect to these counts, Puchner alleged that Goodstein wrongfully misused and converted Puchner's funds and securities to his own use within the course and scope of his employment as an assistant office manager at Bache and as an office manager at Drexel. These allegations are sufficient to state a violation of Section 812.014(1), Florida Statutes (1983).[2]
Accordingly, we reverse the order compelling arbitration and orders dismissing the appellant's claims for punitive damages and counts for civil theft and remand the cause for further judicial proceedings.
NOTES
[1] The decision at 475 So.2d 221 is the last in the series which began with Young v. Oppenheimer & Co., 434 So.2d 369 (Fla. 3d DCA 1983), and continued with the affirmance of the district court in Oppenheimer & Co. v. Young, 456 So.2d 1175 (Fla. 1984). On a petition for writ of certiorari, the Supreme Court of the United States quashed the latter decision and remanded the case to the Florida Supreme Court for reconsideration in light of Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). The remand resulted in the most recent Oppenheimer.
[2] The section provides in pertinent part:

"(1) A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
"(a) Deprive the other person of a right to the property or a benefit therefrom." § 812.014(1), Fla. Stat. (1983).