505 So.2d 37 (1987)
The AETNA CASUALTY & SURETY COMPANY, Appellant,
v.
JELAC CORPORATION, Appellee.
No. 4-86-2919.
District Court of Appeal of Florida, Fourth District.
April 15, 1987.
James L. Simon of Bogin, Munns, Munns & Simon, Orlando, for appellant.
Stephen L. Shochet of De Renzo and Mehok, Boca Raton, for appellee.
PER CURIAM.
This is a non-final appeal of an order denying Aetna Casualty & Surety Company's motion to dismiss, to abate and to compel arbitration. This court has jurisdiction pursuant to Rule 9.130(a)(3)(C)(v), Florida Rules of Appellate Procedure.
Jelac Corporation, as subcontractor, entered into a standard AlA subcontract with Prime Contractors, Inc., as contractor, for work on a project in Boynton Beach. Article 13 provides for arbitration of all disputes. Subparagraph 13.2 provides specifically:
13.2 Except by written consent of the person or entity sought to be joined, no arbitration arising out of or relating to the Contract Documents shall include, by consolidation, joinder or in any other manner, any person or entity not a party to the Agreement under which such arbitration arises, unless it is shown at the time the demand for arbitration is filed that (1) such person or entity is substantially involved in a common question of fact or law, (2) the presence of such person or entity is required *38 if complete relief is to be accorded in the arbitration, (3) the interest or responsibility of such person or entity in the matter is not insubstantial, and (4) such person or entity is not the Architect, his employee or his consultant.
(Emphasis added.)
On April 18, 1985, Aetna and Prime executed a dual obligee performance and payment bond covering the Boynton Beach project.
In August, 1986, Jelac filed suit against Aetna to recover on the bond for alleged nonpayment by Prime on their contract. Prime was not joined in the suit. Aetna filed a motion to dismiss claiming the suit should be dismissed for lack of subject matter jurisdiction because of the arbitration clause in the subcontract between Jelac and Prime.
We hold that Aetna does not have the right under the contract between Jelac and Prime to demand arbitration. We find particularly that subparagraph 13.2 precludes Aetna from asserting any such contract rights. We also believe Aetna is at most an incidental beneficiary to the contract and thus has no right to enforce the contract's arbitration provision. As stated in Maryland Casualty Co. v. Department of General Services, 489 So.2d 57, 58 (Fla. 2d DCA 1986):
We affirm the trial court's order on the ground that Maryland Casualty was merely an incidental beneficiary of the construction contracts, not an intended third-party beneficiary and, therefore, has no right to enforce the contracts' provisions requiring arbitration. A third party is an intended beneficiary, and thus able to sue on a contract, only if the parties to the contract intended to primarily and directly benefit the third party. See Maryland Casualty Co. v. State of Florida Department of General Services, 489 So.2d 54 (Fla. 1st DCA 1986); Clark & Co. v. Department of Insurance, 436 So.2d 1013, 1016 (Fla. 1st DCA 1983); Clearwater Key Association-South Beach, Inc. v. Thacker, 431 So.2d 641, 645 (Fla. 2d DCA 1983); Restatement (Second) of Contracts § 302.
AFFIRMED.
DOWNEY, GLICKSTEIN and DELL, JJ., concur.