615 So.2d 183 (1993)
STRATTON OAKMONT, INC., Jordan Belfort, and Steven Cohen, Appellants,
v.
Jeff GOLDSTEIN, Appellee.
No. 92-2432.
District Court of Appeal of Florida, Third District.
March 2, 1993.
Fowler, White, Burnett, Hurley, Banick & Strickroot, Steven D. Sandler, and Ronald D. Shindler, Miami, for appellants.
Gilbride, Heller & Brown, and Dyanne E. Feinberg, Miami, for appellee.
Before SCHWARTZ, C.J., and LEVY and GERSTEN, JJ.
PER CURIAM.
Appellants, Stratton Oakmont, Inc., Jordan Belfort, and Steven Cohen, collectively (Stratton), appeal an order denying a motion to compel arbitration and to stay action. We reverse.
Appellee, Jeff Goldstein (Goldstein), invested in securities through Stratton, a stock brokerage firm. Stratton was the "introducing broker" for Goldstein's account, while Bear Stearns & Company (Bear Stearns) was the "clearing broker". The "introducing broker" deals directly with the customer and relays orders to the "clearing broker", who has access to the relevant stock exchanges.
When Goldstein opened his account with Stratton, he signed a customer agreement with Bear Stearns. That agreement provided in bold face print:
YOU AGREE, AND BY MAINTAINING AN ACCOUNT FOR YOU BEAR STEARNS AGREES, THAT CONTROVERSIES ARISING BETWEEN YOU AND BEAR STEARNS CONCERNING YOUR ACCOUNTS OR THIS OR ANY OTHER AGREEMENT BETWEEN YOU AND BEAR STEARNS, WHETHER ENTERED INTO PRIOR TO, ON OR SUBSEQUENT TO THE DATE HEREOF, SHALL BE DETERMINED BY ARBITRATION.
Another part of the agreement provided:
Bear Stearns Securities carries your account as clearing agent for your broker... . You agree that your broker (including Bear Stearns & Company, Inc.) is a third party beneficiary of this agreement, and that the terms and conditions hereof, including the arbitration provision, shall be applicable to all matters between or among any of you, your broker or Bear Stearns Securities.
Goldstein sued Stratton for losses suffered in his securities account. Goldstein alleged that his losses in the stock market were a direct result of fraudulent misrepresentations of Stratton.
Stratton filed a motion to compel arbitration and stay the action. The trial court denied the motion, finding that although Stratton was a third party beneficiary of *184 the agreement, this case is not within the scope of the arbitration clause.
Stratton asserts that the plain language of the agreement requires that the parties arbitrate any claims arising out of their relationship, including disputes "between or among" them. Goldstein contends that this matter does not fall within the arbitration clause because the arbitration clause only applies to disputes which arise between Goldstein and Bear Stearns concerning an account with Bear Stearns.
Arbitration clauses in brokerage agreements are valid, invocable and enforceable. Oppenheimer & Co., Inc. v. Young, 475 So.2d 221 (Fla. 1985); Wieneke v. Raymond, James & Associates, Inc., 495 So.2d 869 (Fla. 2d DCA 1986). The terms of the agreement clearly provide that Stratton was a third party beneficiary of the arbitration provisions of the agreement. The arbitration clause provided that any controversy concerning the account on this or any other agreement, would be arbitrated.
It is clear that this controversy concerns the account or the agreement between the parties, and thus should have been arbitrated. Accordingly, we reverse and remand for the trial court to refer the matter to arbitration.
Reversed and remanded with directions.