730 So.2d 324 (1999)
NESTLER-POLETTO REALTY, INC., a Florida corporation, Mark Nestler and John Poletto, Appellants,
v.
Gloria KASSIN, Appellee.
No. 98-2760
District Court of Appeal of Florida, Fourth District.
February 17, 1999.
Rehearing Denied April 15, 1999.
*325 Michael S. Smith of Kubicki Draper, West Palm Beach, for appellants.
Edmund O. Loos, III and William Berger of Greenspoon, Marder, Hirschfeld, Rafkin, Ross & Berger, P.A., Fort Lauderdale, and Rodney Tennyson, West Palm Beach, for appellee.
PER CURIAM.
We affirm an order denying Appellants' motion to compel arbitration and stay action.
Appellants were the real estate brokers in connection with a contract to sell Appellee's residence (the Rabinow transaction) and the contract to purchase another home (the Loewenstern transaction). Neither contract closed. Appellee filed suit against Appellants and the Loewensterns, alleging that Appellants breached their fiduciary duty and negligently failed to disclose an alleged title defect, forcing her to back out of the contract to sell her own residence (the Rabinow transaction).
Appellants filed a motion to compel arbitration based on an arbitration clause contained in the residential sale and purchase contract. The contract provided in its paragraph 16 that as for all disputes other than those concerning deposits, buyer and seller will resolve disputes by mediation, and failing that, by neutral binding arbitration. It also provided in the same paragraph 16 that "Any disputes with a real estate licensee... will be submitted to arbitration only if the licensee's broker consents in writing to become a party to the proceeding."
The parties (buyer and seller) to the contract agreed to waive mediation and arbitration. The trial court concluded that the arbitration clause in the subject contract compelled arbitration only as to the buyer and seller, and that with respect to the broker, it only precluded the broker from being forced into arbitration without the broker's consent.
We recognize that arbitration is a preferred mechanism for dispute resolution and that courts indulge every reasonable presumption to uphold an agreement to arbitrate, resolving any doubts about the scope of arbitration in favor of arbitration. See Roe v. Amica Mut. Ins. Co., 533 So.2d 279, 281 (Fla.1988); Ronbeck Constr. Co., Inc. v. Savanna Club Corp., 592 So.2d 344 (Fla. 4th DCA 1992).
The trial court's role when considering motions to compel arbitration is limited to determining whether a valid written agreement exists, whether an arbitrable issue exists, and whether the right to arbitration was waived. Fortune Ins. Co. v. U.S.A. Diagnostics, Inc., 684 So.2d 208 (Fla. 4th DCA 1996).
*326 However, contractual arbitration is only mandated for controversies or disputes which the parties have agreed to submit to arbitration. Pacemaker Corp. v. Euster, 357 So.2d 208 (Fla. 3d DCA 1978); Painewebber, Inc. v. Hess, 497 So.2d 1323 (Fla. 3d DCA 1986); All American Semiconductor, Inc. v. Unisys Corp., 637 So.2d 59 (Fla. 3d DCA 1994); Florida Dep't. of Ins. v. World Re, Inc., 615 So.2d 267 (Fla. 5th DCA 1993). The general rule favoring arbitration does not support forcing a party into arbitration when that party did not agree to arbitrate. Neither does it allow non-parties to an agreement containing an arbitration provision to force the parties to arbitrate when the parties to the contract have waived arbitration. It is clear that here, the arbitration provisions apply to the broker only as to the paragraph outlining the broker's rights and duties and the acknowledgment that the broker could not be forced into arbitration against its will.
Non-parties to a contract containing an arbitration clause cannot compel parties to a contract to arbitrate unless it is determined that they are a third party beneficiary to the contract. Tartell v. Chera, 668 So.2d 1105 (Fla. 4th DCA 1996). We reject Appellants' argument that they were parties to the purchase contract by virtue of their signing it under the brokerage clause, and that alternatively, they were third party beneficiaries of the principal's agreement to arbitrate. Certainly, it cannot be said that the contract was intended to primarily and directly benefit Appellants. See Maryland Casualty Co. v. Florida Dep't. of Gen. Servs., 489 So.2d 54 (Fla. 1st DCA 1986); Aetna Cas. & Sur. Co. v. Jelac Corp., 505 So.2d 37 (Fla. 4th DCA 1987); Clearwater Key Ass'n-South Beach, Inc. v. Thacker, 431 So.2d 641, 645 (Fla. 2d DCA 1983).
Appellants' rights under this contract were limited to their role as broker. The broker was regarded as a party to the contract only as to the brokerage clause, and was otherwise purely an incidental participant. We have considered Breckenridge v. Farber, 640 So.2d 208 (Fla. 4th DCA 1994), Stratton Oakmont, Inc. v. Goldstein, 615 So.2d 183 (Fla. 3d DCA 1993), and Jones v. Atlas Realty Corp., 154 So.2d 905 (Fla. 2d DCA 1963), and deem them inapposite.
As to all other matters asserted, we also affirm.
STONE, C.J., FARMER and GROSS, JJ., concur.