766 So.2d 248 (2000)
OCWEN FEDERAL BANK FSB f/k/a Berkeley Federal Bank & Trust FSB, Appellant,
v.
LVWD, LTD., a Florida Limited Partnership, Appellee.
No. 4D99-1957.
District Court of Appeal of Florida, Fourth District.
February 9, 2000.
Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., and Sidney A. Stubbs, Jr., of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, for appellant.
Richard B. Warren and Glenn D. Kelley of Kelley & Warren, P.A., West Palm Beach, for appellee.
WARNER, C.J.
In this dispute over the method of calculating rent under a lease agreement, the appellee, LVWD, Limited, moved to compel arbitration. The appellant, Ocwen, resisted, claiming that the arbitration clause of the contract failed to specifically list the *249 method of rent calculation as an arbitrable issue. The trial court ordered arbitration after finding the clause "fuzzy." We reverse, concluding that the arbitration clause does not encompass the present dispute between the parties.
LVWD is a limited partnership which owns the Towers buildings on Palm Beach Lakes Boulevard. Ocwen Federal Bank leases office space in those buildings. The parties entered into a lease agreement in March 1994, providing for payment by the lessee of "additional rent" per month "based on the Landlord's projection of Tenant's Pro Rata Share of Operating Expenses provided for in Paragraph 2.7."
"Additional rent" was defined in the lease as the Tenant's pro rata share of operating expenses for each "Tower which tenant occupies during an operating year but with the proviso that "controllable expenses" may not increase more than four percent per year." "Controllable expenses" are defined as all operating expenses other than taxes, utilities, and insurance, incurred by the landlord in an operating year. The lease also defined "operating expenses" as costs and expenses set forth in twelve listed categories, and specifically lists eighteen categories of expenses that are not operating expenses.
For three years the landlord calculated "additional rent" line-item by line-item. In April 1998, however, the landlord began billing the tenant on an aggregate rather than line-item basis. Ocwen contends this resulted in a substantial rent increase.
Ocwen filed a three-count complaint in the Palm Beach Circuit Court, seeking declaratory relief and damages for the landlord's alleged breach of the lease. Count I of the complaint sought a declaratory judgment on the method for calculating additional rent, i.e., whether it should be the line-item or the aggregate method.
In answering the complaint the landlord moved for arbitration of count I based on a contract provision under which the parties agreed to arbitrate their disputes. That clause states that either party to the agreement may demand that the disputes described in paragraph 16.3(b) be settled by arbitration, restricting the arbitrator to specified issues. The clause further states that no other issue or dispute between the parties shall be resolved by arbitration unless the parties agree to such arbitration in writing. The first of the issues that the agreement lists as arbitrable is "whether an item included in Operating Expenses as determined by Landlord was properly includable pursuant to the terms of the Lease."
Ocwen argued below that the matter at issue in count I is not about particular items that should be included in the calculations, but about the method of calculating "additional rent." Thus, the subject matter of count I was not included under the first type of issue listed in the lease agreement as subject to arbitration. The trial court disagreed and granted the landlord's motion to compel arbitration of count I, prompting this appeal.
The issue of whether an issue is subject to arbitration is a matter of contract interpretation, and our review is de novo. See, e.g., Broward County v. LaPointe, 685 So.2d 889, 892 (Fla. 4th DCA 1996). Contractual arbitration is mandatory only where the subject matter of the controversy falls within what the parties have agreed will be submitted to arbitration. See, e.g., Nestler-Poletto Realty, Inc. v. Kassin, 730 So.2d 324, 326 (Fla. 4th DCA 1999). Although any doubts regarding the scope of an arbitration clause should be resolved in favor of arbitration, see Federal Vending, Inc. v. Steak & Ale of Florida, Inc., 687 So.2d 1366, 1368 (Fla. 4th DCA 1997), where the contract provision is not doubtful, arbitration should not be ordered.
In the instant case the arbitration provision listed the issues subject for arbitration, including "whether an item included in Operating Expenses as determined by Landlord was properly includable pursuant *250 to the terms of the Lease." However, the complaint by Ocwen is not that a particular item was improperly included, but that the methodology in calculating controllable expenses was to be item-by-item and not in the aggregate. In other words, Ocwen is not contesting the inclusion of any item. Thus, the arbitration clause does not apply, as the lease specifically states that only those subjects listed in the lease may be arbitrated. We find the contract clear and unambiguous on this point.
We therefore reverse the order compelling arbitration and remand for further proceedings.
SHAHOOD and HAZOURI, JJ., concur.