920 So.2d 201 (2006)
FLORIDA POWER & LIGHT COMPANY, a Florida corporation, Appellant,
v.
ROAD ROCK, INC., a Florida corporation, Appellee.
No. 4D05-1601.
District Court of Appeal of Florida, Fourth District.
February 15, 2006.
*202 Robert C. Grady and Michael D. Katz of Katz, Barron, Squitero, Faust, Fort Lauderdale, for appellant.
Beverly A. Pohl and Bruce S. Rogow of Bruce S. Rogow, P.A., Fort Lauderdale, for appellee.
STEVENSON, C.J.
Florida Power and Light ("FP & L") appeals the trial court's order granting Road Rock, Inc.'s motion to compel arbitration. We reverse and remand.
In 1955, FP & L entered into a contract with Robert Elmore, permitting Elmore to remove rocks from a lake owned by FP & L. Paragraph four of the contract provided:
Elmore shall quarry and remove such rock at his own cost and expense. . . . Removal of the rock shall be personal to Elmore and his heirs, and Elmore and his heirs shall not sell the rock in the ground or grant any rights with respect thereto or encumber such rock within the area of the lake to any person, firm or corporation, except to a partnership or corporation of which Elmore or his heirs own or continue to own at least a 50% interest thereof.
*203 Paragraph eleven contained an arbitration clause, stating that "either party to any such dispute may submit the same to a Board of Arbitration for consideration and decision by serving written notice to such effect upon the other party. . . ." Further, paragraph fourteen stated that "[n]either this contract nor any interest herein shall be assignable by either party without the written consent of the other."
In 2004, FP & L was sued by Road Rock, a company allegedly wholly owned by Elmore and purportedly formed a year prior to the contract's inception for the express purpose of removing the rocks. The complaint asserted that FP & L breached the 1955 contract by removing barriers from the lake, converting the barriers for its own use, and unjustly retaining the conversion's benefit. Road Rock then moved to compel arbitration on the grounds that Road Rock is a third-party beneficiary of the contract and Elmore conveyed his contractual rights to Road Rock.
Courts must consider three factors when ruling on a motion to compel arbitration: "(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999). "[A]ll doubts about the scope of an arbitration agreement, as well as any questions about waivers thereof, are in favor of arbitration, rather than against it." Breckenridge v. Farber, 640 So.2d 208, 210 (Fla. 4th DCA 1994). However, "no party may be forced to submit a dispute to arbitration that the party did not intend and agree to arbitrate." Steve Owren, Inc. v. Connolly, 877 So.2d 918, 920 (Fla. 4th DCA 2004).
It is undisputed that Road Rock is not a signatory to the contract. "Non-parties to a contract containing an arbitration clause cannot compel parties to a contract to arbitrate unless it is determined that they are a third party beneficiary to the contract." Nestler-Poletto Realty, Inc. v. Kassin, 730 So.2d 324, 326 (Fla. 4th DCA 1999). "A third party is an intended beneficiary, and thus able to sue on a contract, only if the parties to the contract intended to primarily and directly benefit the third party." Aetna Cas. & Sur. Co. v. Jelac Corp., 505 So.2d 37, 38 (Fla. 4th DCA 1987). "[I]n order to find the requisite intent, it must be shown that both contracting parties intended to benefit the third party. It is insufficient to show that only one party unilaterally intended to benefit the third party." Caretta Trucking, Inc. v. Cheoy Lee Shipyards Ltd., 647 So.2d 1028, 1031 (Fla. 4th DCA 1994). "Florida law looks to `nature or terms of a contract' to find the parties' clear or manifest intent that it `be for the benefit of a third party.'" Jenne v. Church & Tower, Inc. 814 So.2d 522, 524 (Fla. 4th DCA 2002) (quoting Am. Sur. Co. of N.Y. v. Smith, 100 Fla. 1012, 130 So. 440, 441 (1930)). Furthermore, Florida law holds that "the language used in a contract is the best evidence of the intent and meaning of the parties." Boat Town U.S.A., Inc. v. Mercury Marine Div. of Brunswick Corp., 364 So.2d 15, 17 (Fla. 4th DCA 1978).
Relying on paragraph four of the contract, Road Rock contends it is a third-party beneficiary because it is wholly owned by Elmore and was formed for the express purpose of removing rocks from the lake. Road Rock's argument is unpersuasive because paragraph four's provision that Elmore could transfer rights to an entity in which he owns at least a 50% interest does not show a clear intention of the contracting parties, as expressed within the contract, to primarily and directly benefit Road Rock. See Morgan Stanley DW, Inc. v. Halliday, 873 So.2d 400 (Fla. *204 4th DCA 2004) (holding in a lawsuit by a beneficiary of a trust against the trustees and brokerage firm, the beneficiary was not bound by the arbitration clause in the agreement between the trustees and brokerage firm under a third-party beneficiary theory). The contract is therefore insufficient to convey to Road Rock rights as a third-party beneficiary.
Additionally, even if Road Rock is wholly owned by Elmore and the transfer of rights to it was consistent with paragraph four, paragraph four must be read in conjunction with paragraph fourteen. Paragraph fourteen provides that "[n]either this contract nor any interest herein shall be assignable by either party without the written consent of the other." "An `assignment' has been defined as a contract to transfer a complete and present interest in property or some other right, from the assignor to the assignee, limited in its application to a transfer of intangible rights, including contractual rights, choses in action, and rights in or connected with property. . . ." 3A Fla. Jur.2d Assignments § 1 (2005). Thus, Elmore could not transfer to Road Rock his right to arbitration without obtaining FP & L's written consent.
Accordingly, we reverse the trial court's order compelling arbitration and remand this case for trial.
WARNER and MAY, JJ., concur.