[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12261
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 5, 2010
JOHN LEY
CLERK

D.C. Docket No. 0:10-CV-60162-CMA

KEREN PETERS,
individually and on behalf of all others similarly situated,

Plaintiff - Appellee,

versus

THE KEYES COMPANY,
a Florida corporation,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 5, 2010)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

The Keyes Company appeals the denial of its motion to compel Keren Peters to arbitrate her complaint against Keyes. Peters sued Keyes for allegedly violating federal and state laws by collecting an administrative brokerage fee under a real estate purchase agreement between Peters and Bank United, and Keyes moved to compel arbitration based on an arbitration clause in that agreement. The district court ruled that Keyes could not compel Peters to arbitrate because Keyes was not a party to or a third-party beneficiary of the agreement. We affirm.

Peters and Bank United executed a purchase agreement that identified Keyes as the broker and escrow agent. A section of the agreement titled "Additional terms" provided that Keyes would collect an administrative brokerage fee of $499 from Peters. That section also provided that Keyes, as broker, had a "right to place a lien on the Property to ensure payment of services rendered" and "[f]or purposes of [that] paragraph, [Keyes] [would] be treated as a party to [the] Contract."

The agreement contained a dispute resolution clause that Peters and Bank United would mediate or, if necessary, arbitrate any disputes other than those

involving deposits, but that clause allowed arbitration of any dispute with Keyes

only if Keyes consented in writing to be a party to the proceeding:

> **16. DISPUTE RESOLUTION**: This contract will be construed under Florida law. All controversies, claims and other matters in question arising out of or relating to this transaction or this Contract or its breach will be settled as follows:
>> (a) Disputes concerning entitlement to deposits made and agreed to be made: Buyer and Seller will have 30 days from the date conflicting demands are made to attempt to resolve the dispute through mediation. If that fails, Escrow Agent will submit the dispute, if so required by Florida law, to Escrow Agent's choice of arbitration, a Florida court, or the Florida Real Estate Commission ("FREC"). Buyer and Seller will be bound by any resulting award, judgment or order. A broker's obligation . . . to timely notify the FREC of an escrow dispute and timely resolve the escrow dispute through mediation, arbitration, interpleader or an escrow disbursement order, if the broker so chooses, applies to brokers only and does not apply to title companies, attorneys or other escrow companies.
>> (b) All other disputes: Buyer and Seller will have 30 days from the date a dispute arises between them to attempt to resolve the matter through mediation, failing which the parties will resolve the dispute through neutral binding arbitration in the county where the Property is located. . . . Any dispute with a real estate licensee or [broker] named in Paragraph 19 will be submitted to arbitration only if the licensee's broker consents in writing to become a party to the proceeding. This clause will survive closing.

Peters purchased the property from Bank United, and Keyes collected from Peters

the administrative brokerage fee.

Peters filed a complaint "on behalf of herself and all others similarly

3

situated" against Keyes. Peters alleged that Keyes violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607(b), and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204(1), by collecting an administrative brokerage fee that was "unearned, duplicate[d] [its] commission," and was unrelated to "any settlement services [it] performed." Peters sought compensatory damages and injunctive relief.

Keyes moved to compel Peters to arbitrate her complaint. Keyes argued that Peters had agreed to arbitrate "[a]ll controversies, claims or other matters in question arising out of or related to" the real estate transaction. Keyes also argued that it could enforce the arbitration clause as a third-party beneficiary of the contract.

The district court denied the motion to compel arbitration. The district court ruled that Keyes could not force Peters to arbitrate her complaint based on the decision of the Florida District Court of Appeal in Nestler-Poletto Realty, Inc. v. Kassin, 730 So. 2d 324 (1999). In Nestler-Poletto, brokers in a real estate transaction moved to compel the seller of the property to arbitrate her complaint that the brokers breached their fiduciary duty and acted negligently by failing to disclose a defect in the title of the property. Id. at 325. The brokers based their motion to compel on an arbitration clause in the contract executed by the buyer

4

and seller.  Id.  The arbitration clause provided that all disputes other than those involving deposits would be submitted first to mediation and, if that failed, to binding arbitration.  Id.  Paragraph 16 of the contract provided, "Any disputes with a real estate licensee . . . will be submitted to arbitration only if the licensee's broker consents in writing to become a party to the proceeding."  Id.  The trial court denied the motion to compel arbitration, and the appellate court affirmed.  The appellate court ruled that the general rule in favor of arbitration did not empower the brokers, who were "non-parties to an agreement containing an arbitration provision[,] to force the parties to arbitrate when [those] parties . . . waived arbitration."  Id. at 326.  The court also rejected the argument of the brokers that they were third-party beneficiaries of the agreement "by virtue of their signing it under the brokerage clause" or of the "principal's agreement to arbitrate."  Id.  The court ruled that the brokers were "regarded as a party to the contract only as to the brokerage clause, and [were] otherwise purely an incidental participant."  Id.

Keyes is in the identical position as the brokers in Nestler-Poletto.  Under Florida law, a court may not compel arbitration "in the absence of express language in the parties' contract mandating arbitration of such disputes."  Seifert v. U.S. Home Corp., 750 So. 2d 633, 642 (Fla. 1999).  The plain language of the

5

arbitration clause in the purchase agreement executed by Peters and Bank United bound only them to arbitrate disputes involving matters other than deposits. Although the arbitration clause provided that Keyes could not be forced to submit to arbitration, that right of assent did not give Keyes, a non-party, a right to compel arbitration. See Nestler-Poletto, 730 So. 2d at 326.

"'Non-parties to a contract containing an arbitration clause cannot compel parties to a contract to arbitrate unless it is determined that they are a third party beneficiary to the contract,'" Fla. Power & Light Co. v. Road Rock, Inc., 920 So. 2d 201, 203 (Fla. Dist. Ct. App. 2006) (quoting Nestler-Poletto, 730 So. 2d at 326)), and Keyes cannot claim that status. To qualify as a third-party beneficiary, the purchase agreement had to be executed "for the primary and direct benefit of" Keyes. Morgan Stanley DW Inc. v. Halliday, 873 So. 2d 400, 403 (Fla. Dist. Ct. App. 2004). The agreement contained nothing to suggest that Peters and Bank United intended to benefit Keyes, much less that "the arbitration clause was done for [Keyes's] primary and direct benefit." Id.

The decision to deny Keyes's motion to compel arbitration is **AFFIRMED**.