BLACK, Judge,
Specially concurring.
I concur in the reversal of the order compelling arbitration because the majority correctly concludes that the arbitration agreement signed by Douglas was unenforceable. The agreement was not binding on Mrs. Dea or her Estate where there was no evidence that Douglas held the POA or otherwise had the authority to bind his mother to the arbitration agreement. In my view, the analysis begins and ends there. See Mendez v. Hampton Court Nursing Ctr., LLC, 41 Fla. L. Weekly S394, 203 So.3d 146 (Fla. Sept. 22, 2016). Although I believe the analysis and conclusion to be unnecessary, the majority appears to conclude that even had the arbitration agreement been executed by someone with authority to bind Mrs. Dea it would not have been enforceable by Lamplight. I respectfully disagree.
I note that the appendices before this court do not contain the contract between Emeritus and Lamplight. However, we do have before us the resident agreement between Emeritus and Mrs. Dea which contains a provision allowing Emeritus to assign the agreement “to any successor-in-interest selected” by Emeritus. The amendment between Lamplight and Mrs. Dea, by its terms, replaces only the fee summary of the agreement and does not otherwise affect the terms of the agreement, “including any appendices and Documents incorporated by reference.” Further, the arbitration agreement includes the following language: “To the fullest extent permitted by law, this Arbitration Agreement shall apply to third parties not signatories to this Agreement .... Any claims or grievances against [Emeritus’s] corporate parent, subsidiaries, affiliates, employees, officers or directors shall also be subject to and resolved in accordance with this Arbitration Agreement.” Based upon these documents, I cannot agree that had the arbitration agreement been binding upon Mrs. Dea it would still have been unenforceable by Lamplight. See generally Olson v. Fla. Living Options, Inc., 41 Fla. L. Weekly D2111 (Fla. 2d DCA Sept. 9, 2016); Fla. Power & Light Co. v. Rd. Rock, Inc., 920 So.2d 201 (Fla. 4th DCA 2006). Given the language of the documents, it would be incongruous to conclude that the Estate’s claims — had they been filed against Emeritus — would be subject to binding arbitration but because Lamplight purchased Emeritus those same claims are no longer arbitrable.