NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

HUGH MOEN, as personal representative )
of the Estate of Norma L. Silverthorne, )
                                           )
          Appellant, )
                                             )
v.                                  )   Case No. 2D15-5059
                                             )
BRADENTON COUNCIL ON AGING, LLC; )
COUNCIL ON AGING OF FLORIDA, INC.; )
and REGINAL W. WASHINGTON (as to )
RIVERFRONT NURSING AND )
REHABILITATION CENTER), )
                                             )
          Appellees. )
_____)

Opinion filed January 27, 2017.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Manatee County;
Gilbert A. Smith, Jr., Judge.

Isaac R. Ruiz-Carus, Megan L. Gisclar,
and Andrea E. Nieto of Wilkes & McHugh,
P.A., Tampa, for Appellant.

Michael R. D'Lugo of Wicker, Smith,
O'Hara, McCoy & Ford, P.A., Orlando, and
Connolly C. McArthur and Rebecca O'Dell
Townsend of Fudge & McArthur, P.A., St.
Petersburg, for Appellees.

SILBERMAN, Judge.

        In this nursing home litigation, Defendants Bradenton Council on Aging,

LLC; Council on Aging of Florida, Inc.; and Reginal W. Washington (as to Riverfront

Nursing and Rehabilitation Center) (collectively, the Nursing Home) filed motions to dismiss and to compel binding arbitration. Plaintiff Hugh Moen, as personal representative of the Estate of Norma L. Silverthorne (the Estate), appeals the nonfinal order granting the motions to dismiss and to compel binding arbitration. We reverse and remand for further proceedings.

Norma Silverthorne was admitted to Riverfront Nursing and Rehabilitation Center (the Facility) on April 14, 2013. On April 15, 2013, her daughter, Susan Moen, accepted a health care proxy designation on Silverthorne's behalf. But Silverthorne had never executed a durable power of attorney in her daughter's favor. On April 15, 2013, Moen signed the Facility's admission agreement and the "Voluntary Arbitration Agreement and Acknowledgement" contained within the admission agreement.

The admission agreement defines a "legal representative" and a "responsible party." A legal representative is a person "who, under independent legal authority, such as a court order has authority to act on the Resident's behalf." The agreement provides examples such as "a guardian, a conservator, and the holder of a Durable Power of Attorney executed by the Resident." A responsible party is one "who voluntarily agrees to honor certain specified obligations of the Resident under this Agreement without incurring any personal financial liability." The agreement provides that the Facility "may not require a person to sign this Agreement as a Responsible Party unless the person has legal access to or physical control of the Resident's income or resources to pay for the care and services we provide and others that you request."

The arbitration agreement contained within the admission agreement has a separate signature block. The arbitration agreement states as follows regarding its voluntary nature:

> THE VOLUNTARY ARBITRATION PROGRAM IS COMPLETELY OPTIONAL AND SHOULD YOU CHOOSE NOT TO SIGN THE AGREEMENT IT WILL HAVE NO IMPACT ON YOUR ABILITY TO RESIDE AT THE FACILITY OR RECEIVE SERVICES HERE.

Moen signed the admission agreement over the line that denotes she was signing as legal representative. In the space to describe the relationship is the notation "dtr/proxy." Moen signed the arbitration agreement over the line that states "Resident/Representative Signature." Above the line that states "Authorized Representative's Legal Designation" is the notation "Proxy/Dtr." It is undisputed that when Moen signed these documents her mother was not competent. Moen testified that she signed the documents as her mother's health care proxy in order that her mother be admitted to the Facility and receive care.

The Estate subsequently filed suit against the Nursing Home and alleged that Silverthorne sustained injuries resulting in her death as a result of infringements and deprivations of her statutory rights under chapters 400 and 415, Florida Statutes (2013). In response to the complaint, the Nursing Home filed motions to dismiss and compel arbitration. In lieu of an evidentiary hearing, the parties agreed that the trial court could rely on the depositions of Susan Moen and of the Facility's admission coordinator, Holly Hermann. In its order, the trial court stated that it heard argument of counsel; reviewed the motions, depositions, and case law; and found that

> Norma L. Silverthorne was not competent at the time the Admission Agreement was executed, Susan Moen signed

- 3 -

> the Admission Agreement as proxy and legal representative of Ms. Silverthorne[,] and Ms. Moen testified that she signed the Admission Agreement for the benefits and services to be provided for her mother, Ms. Silverthorne[,] and Ms. Silverthorne was a third party beneficiary of the Admission Agreement.

Based on these findings, the trial court granted the motions to dismiss and compel arbitration.

On appeal, the Estate argues that the trial court erred in granting the motions to compel arbitration because Silverthorne was not bound to the arbitration agreement. Although arbitration is a preferred method of dispute resolution, "[t]he general rule favoring arbitration does not support forcing a party into arbitration when that party did not agree to arbitrate." Nestler-Poletto Realty, Inc. v. Kassin, 730 So. 2d 324, 326 (Fla. 4th DCA 1999). An arbitration agreement generally binds only the parties that enter into it. See Stalley v. Transitional Hosps. Corp. of Tampa, 44 So. 3d 627, 629 (Fla. 2d DCA 2010) (recognizing that generally "only the actual parties to the arbitration agreement can be compelled to arbitrate"). An exception exists that allows a nonsignatory to "be bound by an arbitration agreement if dictated by ordinary principles of contract law and agency." Id. at 630 (quoting Martha A. Gottfried, Inc. v. Paulette Koch Real Estate, Inc., 778 So. 2d 1089, 1090 (Fla. 4th DCA 2001)).

Here, Moen signed the admission agreement and the arbitration agreement in her capacity as health care proxy. A health care proxy does not have authority to waive the right to a jury trial and bind a nursing home patient to arbitrate claims because this is not a health care decision. Blankfeld v. Richmond Health Care, Inc., 902 So. 2d 296, 297, 300-01 (Fla. 4th DCA 2005) (en banc); see also Estate of Irons ex rel. Springer v. Arcadia Healthcare, L.C., 66 So. 3d 396, 400 (Fla. 2d DCA

- 4 -

2011) (reversing order compelling arbitration and determining that a health care power of attorney did not authorize the resident's daughter to bind the resident to arbitration); Carrington Place of St. Pete, LLC v. Estate of Milo ex rel. Brito, 19 So. 3d 340, 341 (Fla. 2d DCA 2009) (affirming denial of motion to compel arbitration and determining that the durable power of attorney was not broad enough to give the resident's daughter legal authority to enter into an arbitration agreement).  The Nursing Home concedes that Moen did not have actual or apparent authority to execute the arbitration agreement.  In doing so, the Nursing Home recognizes that Moen was not acting as the agent of Silverthorne, who was incompetent at the time Moen signed the arbitration agreement.

The Nursing Home argued on appeal that Silverthorne was the third-party beneficiary of the arbitration agreement and that she and the Estate were bound by the agreement.  However, during the pendency of this appeal the Florida Supreme Court issued its opinion in Mendez v. Hampton Court Nursing Center, LLC, 203 So. 3d 146 (Fla. 2016), rejecting an argument similar to that made here by the Nursing Home. Based on Mendez, the Nursing Home has properly conceded that the trial court's order granting the motions to dismiss and compelling arbitration must be reversed. Accordingly, we reverse the trial court's order and remand for further proceedings.

Reversed and remanded.


LaROSE and SLEET, JJ., Concur.

- 5 -