# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

EMILY YEDERLINIC, as personal representative of the
Estate of Rose Castillo, and DON BURLESON-CASTILLO,

Appellants,

v.

HEATHER HILL NURSING CENTER, LLC; HEALTH SERVICES
MANAGEMENT, INC.; HEALTH SERVICES MANAGEMENT OF
FLORIDA, LLC; SHELBY SCOTT JACKSON; and
CHRISTINA BRANCATO,

Appellees.

No. 2D2023-1570
_____

April 19, 2024

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Pasco County; Declan P. Mansfield, Judge.

Megan M. Hunter, Rainey C. Booth, Jr., and Joanna Greber Dettloff of Mendes, Reins & Wilander, PLLC, Tampa, for Appellants.

Brandon C. Szymula, James J. Maskowitz, and Kathryn Dunnam Harden of Hall Booth Smith, P.C., Tampa, for Appellees.

SILBERMAN, Judge.

In this nonfinal appeal, Emily Yederlinic, as personal representative of the Estate of Rose Castillo, and Don Burleson-Castillo (together, the Estate) appeal the trial court's order granting motions to compel arbitration and to stay proceedings filed by Heather Hill Nursing Center,

LLC; Health Services Management, Inc.; Health Services Management of Florida, LLC; Shelby Scott Jackson; and Christina Brancato (collectively the Defendants). Because Burleson-Castillo signed Heather Hill's admission agreement as Rose's health care surrogate (HCS) and not as her attorney-in-fact pursuant to a durable power of attorney (DPOA), the arbitration provision contained in the admission agreement is not enforceable. Thus, we reverse the trial court's order compelling arbitration of the Estate's claims against the Defendants and staying the proceedings.

Rose was admitted to Heather Hill after Burleson-Castillo signed the Heather Hill admission agreement on her behalf. Burleson-Castillo was Rose's attorney-in-fact pursuant to a DPOA, and he was her designated HCS pursuant to a separate document. The voluntary dispute resolution procedure portion of the agreement was unambiguously signed by Burleson-Castillo on behalf of Rose in his capacity as her HCS. The admission agreement contained spaces in several areas requiring a signature by the resident or the resident's legal representative. However, the agreement also contained a preselected, printed designation of "HCS" adjacent to the words "Relationship to Resident." It was undisputed that the designation of "DPOA" could have been inserted rather than the designation "HCS." Burleson-Castillo signed as Rose's authorized representative, and nothing on the form reflected that he was signing pursuant to the authority granted him in the DPOA. Notably, the HCS document did not grant any authority to Burleson-Castillo to enter into an agreement providing for binding arbitration and waiving Rose's rights to a jury or nonjury trial.

Sometime after Rose's admission to Heather Hill, the Estate filed a lawsuit against the Defendants alleging nursing home negligence during

Rose's residency. After the lawsuit was initiated, the Defendants filed motions to compel arbitration and to stay the proceedings arguing that Burleson-Castillo signed the admission agreement on behalf of Rose as her attorney-in-fact pursuant to the DPOA. The trial court granted the Defendants' motions.

The Defendants ask us to ignore the HCS designation specifically listed throughout the admission agreement and insist that Burleson-Castillo signed the agreement as Rose's attorney-in-fact. We reject this argument.

Orders compelling arbitration are reviewed de novo. *Dea v. PH Fort Myers, LLC*, 208 So. 3d 1204, 1206 (Fla. 2d DCA 2017). "Although arbitration is a preferred method of dispute resolution, '[t]he general rule favoring arbitration does not support forcing a party into arbitration when that party did not agree to arbitrate.' " *Moen v. Bradenton Council on Aging, LLC*, 210 So. 3d 213, 215 (Fla. 2d DCA 2017) (alteration in original) (quoting *Nestler-Poletto Realty, Inc. v. Kassin*, 730 So. 2d 324, 326 (Fla. 4th DCA 1999)).

While arbitration agreements generally bind only those parties that enter it, nonsignatories may "be bound by an arbitration agreement if dictated by ordinary principles of contract law and agency." *Id.* at 215-16 (quoting *Stalley v. Transitional Hosps. Corp. of Tampa*, 44 So. 3d 627, 630 (Fla. 2d DCA 2010)). Though DPOAs may confer broad grants of authority to enter arbitration agreements on behalf of a principal, *see Etheridge v. Palm Garden of Winter Haven, LLC*, 359 So. 3d 1202, 1205 (Fla. 2d DCA 2022), health care proxies do not "have authority to waive the right to a jury trial and bind a nursing home patient to arbitrate claims because [that] is not a health care decision," *Moen*, 210 So. 3d at 216 (citing *Blankfeld v. Richmond Health Care, Inc.*, 902 So. 2d 296, 297,

3

300-01 (Fla. 4th DCA 2005) (en banc)). An agreement to arbitrate executed on behalf of a nursing home resident is unenforceable when the signor does not sign in his or her capacity as attorney-in-fact pursuant to a DPOA. *Etheridge*, 359 So. 3d at 1203, 1205-06.

Here, the signatory designation pertaining to the arbitration provision in the Heather Hill admission agreement is explicit. Burleson-Castillo signed the document in his capacity as HCS as indicated by the "HCS" designation appearing throughout the admission agreement. Although the agreement has preprinted language indicating that it is being signed by a "legal representative," that term is not defined within the document and does not alter the fact that the agreement specifically reflects Burleson-Castillo's status as Rose's HCS. Further, nothing in the admission agreement references that Burleson-Castillo was Rose's attorney-in-fact under a DPOA or that he signed in that capacity. Under these circumstances, we reject the Defendants' contention that Burleson-Castillo necessarily signed the document as Rose's attorney-in-fact pursuant to the DPOA.

Because Burleson-Castillo was acting in his capacity as HCS when he signed the Heather Hill admission agreement, the trial court erred when it compelled arbitration and stayed the proceedings. Therefore, we reverse the trial court's order and remand for further proceedings.

Reversed and remanded.

MORRIS and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.