DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HESHAM MORSI, M.D.,**
Appellant,

v.

**WELLINGTON REGIONAL MEDICAL CENTER, LLC,**
Appellee.

No. 4D2024-2893

[August 6, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Luis Delgado, Jr., Judge; L.T. Case No. 502024CA006688.

David Di Pietro and Lisandra Estevez of Di Pietro Partners, PLLC, Fort Lauderdale, for appellant Hesham Morsi, M.D.

Michelle H. Zeiger and Jay Cohen of Cohen & Blostein, P.A., Fort Lauderdale, for appellee Wellington Regional Medical Center, LLC.

ARTAU, J.

The issue before us is whether Wellington Regional Medical Center, LLC ("the hospital") can enforce the dispute resolution clause of the employment contract between Dr. Hesham Morsi ("the doctor") and Blue Radiology Services, LLC ("the employer"). Because we conclude the hospital cannot enforce the dispute resolution clause, we reverse the trial court's judgment of dismissal and remand for further proceedings consistent with this opinion.

**Background**

In September 2022, the doctor and the employer contracted for the doctor to work for the employer. The contract listed the rights and duties which the doctor and the employer owed to each other, and referred to the hospital only once—in an addendum to the contract ("Schedule A") listing the hospital as a "Facility" where the doctor would provide services on the employer's behalf. The contract did, however, make general, repeated references to a "Facility" or "Facilities" or "any Facility" where the doctor

would provide services. The contract also contained the following dispute resolution clause:

> **Dispute Resolution**. Except as otherwise provided for in this Agreement, the parties firmly desire to resolve all disputes arising hereunder without resort to litigation in order to protect their respective reputations in a confidential manner. Except as otherwise provided for in this Agreement, any controversy or claim arising out of or relating to this Agreement shall first be referred to mediation in Palm Beach County, Florida, in an effort to bring such dispute to resolution, and, in the event that mediation fails to bring a resolution, shall then be resolved by binding arbitration to be conducted in accordance with the rules of the American Arbitration Association then in effect. Such arbitration proceedings shall occur within Palm Beach County, Florida, unless the parties mutually agree to have such proceedings in some other locale. Each party waives all rights to any trial by jury in all litigation relating to or arising out of this Agreement. In any dispute between the parties, each party shall pay its own attorneys' fees, costs and expenses, court and arbitration costs and other costs of action.

In early 2024, the working relationship between the doctor, the hospital, and the employer began to deteriorate. In short, the doctor had a difference of opinion than the hospital and the employer as to how patients should be served. In response, the hospital and the employer, allegedly, "started a campaign of personal harassment" against the doctor to force him to resign before the end of his contract. Eventually, the doctor was fired for "no cause."

After being fired, the doctor filed a five-count complaint against the hospital and the employer. The doctor alleged breach of contract against the employer ("Count 1"), defamation against the employer ("Count 2"), violation of Florida's private whistleblower act against the employer ("Count 3"), tortious interference with a business relationship against the hospital ("Count 4"), and defamation against the hospital ("Count 5").

The employer then moved to dismiss and to compel mediation and arbitration on Counts 1–3 on the grounds that the contract required the dispute to be mediated and arbitrated. Upon being presented with the contract, the doctor agreed to the employer's motion.

2

Likewise, the hospital moved to dismiss and to compel mediation and arbitration on Counts 4–5. The hospital argued that the contract also required these counts to be mediated and arbitrated because it claimed that the hospital could enforce the dispute resolution clause as a third-party beneficiary to the contract. The doctor countered by arguing that only the parties to the contract—i.e., the doctor and the employer—could enforce the dispute resolution clause.

Ultimately, the trial court agreed with the hospital. Accordingly, the trial court dismissed the complaint with prejudice and ordered Counts 4 and 5 to be resolved pursuant to the dispute resolution clause in the contract. This appeal follows.

**Analysis**

We apply a de novo standard of review when reviewing orders dismissing complaints with prejudice. *Stein v. BBX Cap. Corp.*, 241 So. 3d 874, 876 (Fla. 4th DCA 2018). We also apply a de novo standard of review when determining whether a contract requires binding arbitration. *Ocwen Fed Bank FSB v. LVWD, Ltd.*, 766 So. 2d 248, 249 (Fla. 4th DCA 2000).

"[C]ontracts . . . are to be interpreted in accordance with their plain language." *Ellis v. Titan Restoration Constr., Inc.*, 408 So. 3d 776, 778 (Fla. 4th DCA 2025). Thus, "[c]ontractual arbitration is mandatory only where the subject matter of the controversy falls within what the parties have agreed will be submitted to arbitration." *Ocwen*, 766 So. 2d at 249.

But even if the subject matter of the controversy falls within an arbitration clause's scope, "[n]on-parties to a contract containing an arbitration clause cannot compel parties to a contract to arbitrate *unless it is determined that they are a third party beneficiary to the contract.*" *Fla. Power & Light Co. v. Road Rock, Inc.*, 920 So. 2d 201, 203 (Fla. 4th DCA 2006) (emphasis added) (quoting *Nestler-Poletto Realty, Inc. v. Kassin*, 730 So. 2d 324, 326 (Fla. 4th DCA 1999)).

"A third party is an intended beneficiary[] . . . only if the parties to the contract intended to primarily and directly benefit the third party." *Id.* (quoting *Aetna Cas. & Sur. Co. v. Jelac Corp.*, 505 So. 2d 37, 38 (Fla. 4th DCA 1987)). In other words, the third-party must be "*the direct and primary object* of the contract" to be a beneficiary. *Am. Sur. Co. of N.Y. v. Smith*, 130 So. 440, 441 (Fla. 1930) (emphasis added). Thus, a third-party is not a beneficiary when the parties to the contract intended for the third party to "receive[] only 'incidental or consequential benefits from its

enforcement[.]'" *Jenne v. Church & Tower, Inc.*, 814 So. 2d 522, 525 (Fla. 4th DCA 2002) (quoting *Am. Sur. Co.*, 130 So. at 441).

Additionally, the parties' intent must be proved through the "nature or terms of a contract" because "Florida law holds that 'the language used in a contract is the best evidence of the intent and meaning of the parties.'" *Fla. Power & Light*, 920 So. 2d at 203 (first quoting *Jenne*, 814 So. 2d at 524; and then quoting *Boat Town U.S.A., Inc. v. Mercury Marine Div. of Brunswick Corp.*, 364 So. 2d 15, 17 (Fla. 4th DCA 1978)).

Here, the hospital cannot enforce the dispute resolution clause because it was not a third-party beneficiary to the contract.

Because the contract's recitals specifically stated that "[the employer] and [the doctor] desire to enter into this Agreement, by which [the doctor] will render healthcare services *on behalf of the [employer]*," the contract's "direct and primary object" was for the doctor to work for the employer and was not necessarily limited to working for the employer at any specific "Facility." (Emphasis added). Indeed, this is supported by the contract generally referring to the location where the doctor would work as not only a "Facility," but as "any Facility" or "Facilities," where the doctor could be assigned by the employer during the term of the contract. Thus, the hospital was only one location where the doctor would be assigned rather than a third-party intended beneficiary that could enforce the dispute resolution clause, particularly since the parties never included any reference to the hospital benefiting from the dispute resolution clause in either the main contract or Schedule A.

## Conclusion

Because the hospital was not a third-party intended beneficiary to the contract and could not enforce the dispute resolution clause, it was error to dismiss Counts 4 and 5 pursuant to the contract's dispute resolution clause. We, therefore, reverse the trial court's judgment dismissing those counts, and remand for further proceedings consistent with this opinion.

*Reversed and remanded with instructions.*

KUNTZ, C.J., and GERBER, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

4